UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | CV 20-09099 AB (JCx) | Date: | January 5, 2023 |
|---|---|---|---|

| Title: | *Orlando Garcia v. Maria E. Gonzalez et al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** **[In Chambers] ORDER TO PLAINTIFF AND HIS COUNSEL TO SHOW CAUSE WHY THEY SHOULD NOT BE SANCTIONED**

The Court has reviewed Plaintiff Orlando Garcia's ("Plaintiff") Motion for Default Judgment (Dkt. No. 51), pro se Defendant Maria Gonzalez's Motion to Set Aside Default (Dkt. No. 53), and Plaintiff's opposition thereto. The filings reflect serious rule violations and/or misconduct on Plaintiff's counsel's part that prompt the Court to issue this Order.

### I. Plaintiff's Counsel's Failure to File Notice of Related Case, Judge Shopping, and Foul Play

Plaintiff's counsel, the Center for Disability Access ("Center" or "counsel")[1], filed this case, *Garcia*, on October 5, 2020. In her Motion to Set Aside

---

[1] Although the Center for Disability Access filed most if not all of Plaintiff's filings, the docket reflects that related firm Potter Handy LLP and some of its counsel also represent Plaintiff. Furthermore, the billing records are under the

Default, pro se Defendant Maria Gonzalez ("Ms. Gonzalez") states that the Center for Disability Access had filed "the exact same lawsuit" against her previously, case number 2:10-cv-08746-DMG. *See* Dkt. No. 53, p. 3. Indeed, the CM/ECF system shows that on October 11, 2019, about a year before it filed *Garcia*, the Center for Disability Access filed *Jose Estrada v. Maria E. Gonzalez et al. ("Estrada")*, case number 2:19-cv-08746-DMG.[2] The plaintiffs in both *Garcia* and *Estrada* assert the same claims for violation of the Americans with Disabilities Act ("ADA") and California's Unruh Act, against the same pro se Defendant, Maria Gonzalez, for allegedly failing to provide accessible sales counters and accessible paths of travel at the same MoneyGram location at 2885 E. Florence Avenue, Huntington Park, California. The *Garcia* Complaint and the *Estrada* Complaint are identical save the allegations regarding the personal characteristics of each plaintiff, and the *Garcia* Complaint includes a bit more detail about the allegedly-inaccessible paths of travel at the MoneyGram.

*Estrada* concluded on March 17, 2022, after Judge Gee granted Plaintiff's January 28, 2022 Motion for Summary Judgment on part of his ADA claim. *See* Dkt. Nos. 113, 119, 125. While its Motion for Summary Judgment in *Estrada* was pending, on February 7, 2022, in *Garcia*, in an enormous show of chutzpah, the Center for Disability Access filed a Motion for Rule 37 Sanctions against Ms. Gonzalez for her failure to respond to Plaintiff's discovery. On June 7, 2022, the Court in *Garcia*, unaware of the *Estrada* case, granted Garcia's Rule 37 sanctions motion and struck Ms. Gonzalez's Answer, entered her default, and ordered her to pay Garcia $1,750 in attorneys fees. *See* Dkt. Nos. 45, 48, 49.

### A. The Center for Disability Access Violated At Least Local Rule 83-1.3.1 By Failing to File a Notice of Related Case in *Garcia*.

The *Garcia* case is patently duplicative of the *Estrada* case. The Court questions the fairness of the Center for Disability Access filing essentially the same case twice, against the same pro se Defendant, just with a different plaintiff. The record reflects that the Center did this purposely, not by mistake. The Center filed *Garcia* just a few weeks after it filed a discovery motion in *Estrada*, and less than a week after that motion was ruled on. *See* Estrada Dkt. Nos. 42, 43.

---

letterhead "Potter Handy, LLP" and some attorneys have a "potterhandy.com" email address. Given the apparent overlap between the firms, this OSC applies equally to Potter Handy LLP.
[2] Ms. Gonzalez's Motion has a typo in the case number, indicating "10" instead of "19."

Furthermore, the Center's billing records in *Garcia* include a 9/28/2021 entry stating, "Review case for site inspection, comparing to Estrada case against same location and defendant." Dkt. No. 64, p 3. And when Ms. Gonzalez mentioned in her Motion to Vacate Default in *Garcia* that the Center for Disability Access had already filed the same lawsuit against her, the Center did not respond, suggesting that it hoped the Court would overlook Ms. Gonzalez's objection or not take it seriously if counsel didn't address it. Ms. Gonzalez also states that she asked the Center why it filed a second lawsuit. The Center's conduct was deliberate and strikes the Court as predatory.

Nevertheless, having apparently decided to sue the same pro se Defendant again, over the same violations, counsel was duty-bound to file in *Garcia* a Notice of Related Case as required by Local Rule 83-1.3.2, so that *Garcia* could be related to *Estrada* and transferred to Judge Gee, who was presiding over *Estrada*. *See* Local Rule 83-1.3.1 ("Notice of Related Civil Cases. It shall be the responsibility of the parties to promptly file a Notice of Related Cases whenever two or more civil cases filed in this District: (a) arise from the same or a closely related transaction, happening, or event; (b) call for determination of the same or substantially related or similar questions of law and fact; or (c) for other reasons would entail substantial duplication of labor if heard by different judges."). The Center for Disability Access has filed thousands of lawsuits in this district and is certainly aware of the related case Local Rules. Yet in blatant violation of Local Rule 83-1.3.1, the Center did not file a Notice of Related Case in *Garcia*. In fact, on the Civil Cover Sheet that the Center filed with the *Garcia* Complaint, it checked the "NO" boxes, misleadingly indicating that this action was *not* identical to another case, and *not* related to another case.

A review of the *Estrada* docket suggests why the Center for Disability Access breached its obligation to file a Notice of Related Case in *Garcia*: money. In *Estrada*, on June 25, 2020, Judge Gee issued an order declining to exercise supplemental jurisdiction over Estrada's Unruh Act claim, thus eliminating his potential entitlement to a $4,000 civil penalty. The Center filed the duplicative *Garcia* case a little more than three months later, on October 5, 2020. It therefore appears that by filing *Garcia*, the Center was attempting to revive the dismissed Unruh Act claim and its $4,000 civil penalty, which it could achieve only by deciding not to file a Notice of Related Case and thus evading Judge Gee, who dismissed the Unruh Act claim in *Estrada*. This is blatant judge-shopping in bald violation of the Local Rules, which expressly forbid such unsavory tactics and expressly establish a duty to bring to the Court's attention the fact that an action is a refiled action. *See* Local Rule 83-1.2.2 ("**Duty** on Refiling of Actions. Whenever

an action is dismissed by a party or by the Court before judgment and thereafter the same or essentially the same claims, involving the same or essentially the same parties, are alleged in another action, the later-filed action shall be assigned to the judge to whom the first-filed action was assigned. **It shall be the duty** of every attorney in any such later-filed action to bring those facts to the attention of the Court in the Civil Cover Sheet and by the filing of a Notice of Related Case(s) pursuant to L.R. 83-1.3.") (emphasis added). Perhaps the Center thought that by swapping out one serial plaintiff (Estrada) for another (Garcia) it could skirt the duty spelled out by Local Rule 83-1.2.2. However, given the central role of the Center in both *Estrada* and *Garcia*, it is more likely that both cases involve the same claims and the same or *essentially* the same parties. And regardless, Local Rule 83-1.3.1 still obliged counsel to file a Notice of Related Case. They did not.

### B. Counsel's Lack of Candor About *Estrada*

In *Estrada*, Judge Gee granted summary judgment for Plaintiff on the ADA claim based on the entrance ramp[3] and on March 16, 2022, she entered a corresponding judgment for injunctive relief. Nevertheless, the Center for Disability Access persisted with that same claim in *Garcia*, seeking default judgment six months later in September 2022, along with a $4,000 statutory penalty, $12,040 in attorneys' fees, $1,697.24 in costs, and another injunction. This raises at least three problems. First, the Center did not disclose Judge Gee's judgment in *Estrada*. Counsel's lack of candor is unacceptable. Unfortunately, it is only explicable as part of their pursuit of the $4,000 penalty and attorneys' fees. Second, given that Judge Gee already granted injunctive relief against Ms. Gonzalez in *Estrada*, the Court questions whether the exact same injunctive relief sought in *Garcia* is moot. Third, if the MoneyGram's entrance ramp remains out of compliance, counsel should have dealt with that in *Estrada*, in proceedings to enforce Judge Gee's existing injunction, instead of seeking a second identical injunction in *Garcia*.

In sum, the Center for Disability Access's pursuit of the *Garcia* action despite its first-filed *Estrada* action, and without filing a Notice of Related Case; their continued pursuit of injunctive relief in *Garcia* after that relief was already granted in *Estrada*; and their complete lack of candor violated the letter and the spirit of Local Rule 83-1, and their obligations as officers of the Court.

---

[3] In *Estrada*, Judge Gee held that the sales counter claim was moot as of December 9, 2020 because the counter was compliant. In *Garcia*, Garcia withdrew the sales counter claim in his Motion for Default Judgment.

## II. The Center for Disability Access's Inflated Fee Request

Finally, the Center for Disability Access's billing records filed in support of Garcia's $12,040 attorneys' fee request in his Motion for Default Judgment reflects fees for work that was either unnecessary for *Garcia* because it was already performed in *Estrada*, or billing that is inflated or padded. For example, counsel billed for assessing the property and other early-stage investigation work, including a public records search, that they must have already performed in *Estrada*.

## III. Potential Sanctions

The Center for Disability Access's litigation misconduct described herein is egregious. The Center has appeared in this district thousands of times, yet it deliberately chose to deceive the Court and apparently repeatedly made the choice to not disclose the *Estrada* case at any number of junctures. The Court cannot overstate the seriousness of this breach of trust, which must be punished and deterred. The Center has repeatedly touted its credentials as an advocate for civil rights, yet it deliberately chose an oppressive course of action against a pro se defendant. The Center's choice inflicted substantial inconvenience, and to be sure, anxiety, on Ms. Gonzalez, who was forced to defend herself in two cases simultaneously. Ms. Gonzalez is entitled to compensation.

Therefore, the Court is considering entering all of the below sanctions:

1. Dismissing *Garcia* with prejudice as a sanction for the Center for Disability Access's failure to file a Notice of Related Case. This may also be appropriate in light of the judgment for Plaintiff in *Estrada*.

2. Ordering the Center for Disability Access to pay the Court a monetary sanction of $2,500 for failing to file a Notice of Related Case in *Garcia* and thereafter failing to inform the Court of *Estrada* at multiple junctures.

3. Ordering the Center for Disability Access to pay Maria Gonzalez a monetary sanction of $12,040 for its oppressive decision to force her to defend herself in two duplicate cases simultaneously. This seems especially appropriate given that the Center sought and won a Rule 37 sanction against Ms. Gonzalez even as *Estrada* was approaching judgment.

4. Vacating the Rule 37 Sanctions Order (Dkt. No. 49) against Maria Gonzales.

      The Center for Disability Access is **ORDERED** to respond to this OSC in writing by January 20, 2023. Ms. Gonzalez has already been unnecessarily burdened by this case and she is not required to file a response; however, she is welcome to do so if there is anything she would like to tell the Court.

      After the Court reviews the Center for Disability Access's response, the Court will set a hearing at which its principals and any of its attorneys who appeared in this case may be required to appear. If the Center does not timely respond, the Court will enter any of the above sanctions that it deems fit.

      **SO ORDERED.**